GEORGE E. MERRICK, *Plaintiff in Error*, v. PAUL M. MARTENS AND GUY F. SINCLAIR, DOING BUSINESS AS MARTENS & SINCLAIR, AND J. L. HOLMBERG, *Defendants in Error.*

Division A.

Opinion Filed May 22, 1924.

1. In an action to recover commissions for finding a purchaser for real estate, where the declaration alleges compliance with the terms of the contract and the plea denies that the plaintiff produced a purchaser who complied with the listing by the defendant, it becomes incumbent upon the plaintiff to prove every element of the contract.

2. Where the testimony entirely fails to show that the contract set out in the declaration was fully complied with by the plaintiffs, and the pleas raised that question, and the parties went to trial on that as one of the issues, motion for a directed verdict for the defendant should be granted.

A Writ of Error to the Circuit Court for Dade County, H. Pierce Branning, Judge.

Judgment reversed.

*Benson & Shipp,* for Plaintiff in Error.

*Stapp & Vining and M. S. Bobst,* for Defendants in Error.

BROWNE, J.—Guy F. Sinclair and Paul M. Martens brought suit against George E. Merrick to recover commissions for finding a purchaser for real estate owned by Merrick, under an agreement set out in the declaration, to this effect: "That the plaintiffs should find and procure purchaser for the above described land, read, able and willing to purchase the same for the sum of forty-three thousand ($43 000.00) dollars, and who should deposit five Thousand ($5,000.00) of the purchase price in the Fidelity Bank & Trust Company before the close of business hours on the second day of March, A. D. 1920, and who should pay the remainder of the purchase price, that is Thirty-eight Thousand ($38,000.00) Dollars as soon as the proper papers, including abstracts and warranty deeds, were furnished and passed upon by the parties to said deal."

The declaration alleges compliance with the terms of the contract, as follows: "And the plaintiffs further allege that they did on the 2nd day of March, A. D., 1920, procure a purchaser for the above described property,

ready, able and willing to purchase the said property upon the terms hereinabove stated, in one Frank H. Myers and one Frank P. Blake, joint purchasers, and who did on the second day of March, A. D., 1920, before the close of business hours, deposit the sum of Five Thousand ($5,000.00) Dollars in the Fidelity Bank & Trust Company to bind the aforementioned sale according to and in compliance with the conditions upon which the said property was placed in the hands of plaintiffs herein for sale as hereinbefore mentioned.''

The declaration was subsequently amended by adding: ''And the Plaintiffs did immediately after the deposit of the Five Thousand ($5,000.00) Dollars as aforementioned by the said Frank H. Myers and Frank P. Blake, notify the said George E. Merrick thereof, apprising him that the said deposit was made in compliance with the sale of the property.''

The defendants second plea averred, ''that the said plaintiffs did not find any purchaser who complied with the terms of the alleged listing by this defendant of property for sale with the plaintiffs.''

The testimony for the plaintiffs tended to establish the contract sued on, but there was no testimony to show that they found a purchaser who complied with the terms of sale set out in the contract, which required a deposit of $5,000.00 to be made in the Fidelity Bank & Trust Company before the close of business hours on the second day of March.

It appears from the plaintiffs' testimony that one of the prospective purchasers, F. P. Blake, left with A. H. Thompson, the Secretary and Treasurer of the Fidelity Bank & Trust Company, a check on the First Trust & Savings Bank of Miami for $5,000.00, payable to the order of the Fidelity Bank & Trust Company, accompanied by

a letter to the Fidelity Bank & Trust Company, containing these words:

"I beg to hand you herewith $5,000.00 to bind purchase of sixty-seven acres of land described below, I being the purchaser and Geo. E. Merrick of Miami, Florida, selling this land.

"This money is not to be released to Mr. Merrick until such a time as abstract of title has been furnished, examined, and passed upon favorably by my attorney, at which time balance of purchase price, $38,000.00, making a total purchase price of $43,000.00, will be paid to Mr. Merrick.

"It is understood that this land will be delivered to me free and clear of all encumbrances."

Attached to this letter were these memoranda:

"Rec'd. the check for $5,000.00 referred to in the foregoing letter.

Fidelity Bank & Trust Company,

Miami, Fla.

By A. H. Thompson, Sec'y.-Treas.

Check withdrawn by Mr. F. P. Blake, Apr. 12/20."

At the conclusion of the plaintiffs' testimony, the defendant moved for an instructed verdict; one of the grounds being that "the deposit as claimed to have been put in the Fidelity Bank & Trust Company was not put to the credit of Merrick, but shows to have been deposit made by one F. P. Blake in his individual capacity, the check signed by him alone, and made payable to Fidelity Bank & Trust Company."

The defendant having denied by his second plea that the plaintiff produced a purchaser who complied with the alleged listing by the defendant of property for sale with the plaintiffs, it became incumbent upon the plaintiffs to

prove every element of the contract; one of which was that they should deposit in the Fidelity Bank & Trust Company the sum of $5,000.00 before the close of business hours on the second day of March, 1920.

The contract set up in the declaration does not state to whose credit the $5,000.00 was to be deposited, but the obvious and only intendment to be found within terms of the contract, is that it was to be deposited to the credit of the defendant Merrick.

He was selling the property for $43,000.00; $5,000.00 of which was to be deposited before the close of business hours on the second day of March, and the purchaser ''should pay the remainder of the purchase price, that is $38,000.00'', etc.

The contract does not in words say that the deposit of $5,000.00 should be ''to the credit of Merrick,'' neither does it say that the balance of the purchase price, $38,000.00 ''should be paid to him.''

It is idle to contend that the contract would have been complied with, if the deposit of $5,000.00 had been to the credit of the purchasers, or to the agents, or to a stranger; or to any person other than the vendor.

The owner had a right to make his own terms, and did so, and one of them was that $5,000.00 should be deposited in the Fidelity Bank & Trust Company, and, as we have said, the only and obvious meaning to be attached to that requirement is, that it was to be deposited to the credit of the vendor. This was not done.

Not only was the $5,000.00 not deposited to Merrick's credit, but it was not deposited in the bank in the sense in which the word ''deposit'' in this connection was used.

There was a check payable to the order of the Fidelity Bank & Trust Company placed in the hands of its Secretary and Treasurer, but there were no instructions to de-

posit it to the credit of any one, nor was such disposition made of it, but the check remained in the possession of the Secretary and Treasurer until ten days afterwards when it was withdrawn by Blake.

From the nature of the transaction, he could have withdrawn the check ten minutes after it was left with Mr. Thompson as well as ten days afterwards.

The testimony entirely fails to show that the contract set out in the declaration was fully complied with by the plaintiffs, and the second plea having raised that question, and that being one of the issues presented by the pleadings that the parties went to trial on, the motion for a directed verdict for the defendant should have been granted.

The assignment of error relating to the joinder of J. H. Holmberg as a party plaintiff to the action after the conclusion of the testimony for the plaintiff, and the one relating to the court refusing to set aside the verdict on the ground of newly discovered evidence, are not necessary to be discussed or disposed of now, as the case will go back for a new trial, at which time the errors complained of will not again arise.

The judgment is reversed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.